ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 9, 2012

The Honorable John Whitmire
Chair, Committee on Criminal Justice
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0974

Re: Whether there is a conflict between two provisions of the Transportation Code that permit judges and peace officers to omit their residence address from their drivers' licenses, and a provision of the Tax Code that requires the submission of proof of the residence address of an applicant for a homestead exemption (RQ-1060-GA)

Dear Senator Whitmire:

You ask about a potential conflict between sections 521.121 and 521.1211 of the Transportation Code and subsection 11.43(n) of the Tax Code.[1] We will describe each statute in turn.

Section 521.121 of the Transportation Code describes the information that must be included on a Texas driver's license. TEX. TRANSP. CODE ANN. § 521.121 (West Supp. 2012) ("(a) The driver's license must include:"). While subsection (a) generally requires that the Department of Public Safety ("DPS") include a licensee's residence address on the person's driver's license, subsection (c) excludes from this requirement judges and judges' spouses who elect to omit their residence address from their driver's license. Id. § 521.121(c); see also id. § 521.1211(b) (excluding peace officers from subsection 521.121(a)).

The potential conflict about which you inquire arises from section 11.13 of the Tax Code, which establishes a homestead exemption from residential property taxes. TEX. TAX CODE ANN. § 11.13 (West 2008). Under subsection (j) of section 11.43, in order for a home owner to qualify for a homestead exemption, the applicant for a homestead exemption must produce "a copy of the applicant's driver's license or state-issued personal identification certificate." Id. § 11.43(j)(4) (West Supp. 2012). Subsection 11.43(n) provides the following:

---

[1]Letter from Honorable John Whitmire, Chair, Senate Comm. on Criminal Justice, to Honorable Greg Abbott, Tex. Att'y Gen. (May 9, 2012), http://texasattorneygeneral.gov ("Request Letter").

> (n)    A chief appraiser may not allow an exemption provided by Section 11.13 unless:
>
> (1)    the address on the driver's license or state-issued personal identification certificate provided by the applicant under Subsection (j) corresponds to the address on the applicant's vehicle registration receipt or utility bill provided under that subsection; and
>
> (2)    the address indicated in Subdivision (1) corresponds to the address of the property for which the exemption is claimed.

*Id.* § 11.43(n).   Under the plain language of the statute, the Legislature has prohibited a chief appraiser from granting a homestead exemption to an individual who does not provide a driver's license or a state-issued identification certificate.   *See* Tex. Att'y Gen. Op. No. GA-0924 (2012) at 5.   *See also Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011) (legislative intent is best expressed through the plain language of a statute).   And under the plain terms of subsection 11.43(n), the "address on the driver's license" *must* correspond to "the address on the applicant's vehicle registration receipt or utility bill," *and* that address must correspond "to the address of the property for which the exemption is claimed."   *See* TEX. TAX CODE ANN. § 11.43(n) (West Supp. 2012).   But, as you note, under subsection 521.121(c) and subsection 521.1211(b) of the Transportation Code, the driver's license of a judge, a judge's spouse, or a peace officer may not include the licensee's residence address.   You ask how this apparent conflict may be resolved.

The Texas Supreme Court has stated that "[g]enerally, courts are to construe statutes so as to harmonize with other relevant laws, if possible." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010) (quoting *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 565 (Tex. 1984)).   The statutes under consideration here may be harmonized, so that a judge, a judge's spouse, or a peace officer whose driver's license does not contain his or her residence address may nevertheless claim a homestead exemption under section 11.13 of the Tax Code.   Subsection 11.43(j)(4) of the Tax Code allows an applicant for a homestead exemption to produce *either* a driver's license *or* a personal identification certificate bearing the required address.   *See* TEX. TAX CODE ANN. § 11.43(j)(4) (West Supp. 2012).   And under subsection 521.101(d) of the Transportation Code, the DPS may require personal identification certificate applicants to furnish residential address information.   TEX. TRANSP. CODE ANN. § 521.101(d) (West Supp. 2012).

Thus, the Department may issue to a judge, a judge's spouse, or a peace officer a personal identification certificate that contains the residence address of the relevant individual.   Moreover, no statute or DPS rule prohibits a person who holds a Texas driver's license from applying for and receiving a Texas personal identification certificate.   As a result, a federal or state judge, or the spouse of a federal or state judge, as well as a peace officer, may obtain a personal identification certificate showing his or her residence address and may use that certificate to comply with the requirement of subsection 11.43(n) of the Tax Code, i.e., that the address on a "state-issued personal

identification certificate . . . corresponds to the address on the applicant's vehicle registration receipt or utility bill," and that "the address . . . corresponds to the address of the property for which the exemption is claimed." *See* TEX. TAX CODE ANN. § 11.43(n)(1)–(2) (West Supp. 2012).

We recognize the potential inconvenience to some state or federal judges, their spouses, and peace officers that have been caused by the Legislature's decision to allow no exceptions to the identification required to obtain a homestead exemption. We received briefs urging us to conclude that, in the case of a judge, judge's spouse, or peace officer who lacks a driver's license containing his or her address, chief appraisers may allow a homestead exemption if the applicant provides proof of residence other than a driver's license or personal identification certificate.[2] Such a conclusion, however, would ignore the plain terms of section 11.43(n) of the Tax Code, which this office cannot do. *See Omaha Healthcare Ctr. v. Johnson*, 344 S.W.3d 392, 395 (Tex. 2011) (plain language of statute controls construction). Just as the courts do, we presume that the Legislature chooses its words carefully when it enacts a statute. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). In the case of section 11.43(n), the Legislature plainly prohibited chief appraisers from granting a homestead exemption unless the applicant provides the required identification, bearing the required address. The Legislature permitted no exceptions to this requirement. An opinion of this office may not ignore a statute or create exceptions to it. We can only advise you regarding the current state of the law as written by the Legislature. The Legislature may, of course, modify the law as it deems fit.

---

[2]*See* Brief from Rick L. Kuehler, President, Tex. Ass'n of Appraisal Dists. at 7 (June 19, 2012); Brief from Michael B. Gary, Legal Counsel, Harris Cnty. Appraisal Dist. at 7 (June 19, 2012).

## S U M M A R Y

If a federal or state judge, the spouse of a federal or state judge, or a peace officer is otherwise entitled to claim a homestead exemption under section 11.13 of the Tax Code, he or she may comply with the requirements of section 11.43(n) of the Tax Code by producing a personal identification certificate issued by the Department of Public Safety and showing his or her residence address.   The Legislature has prohibited chief appraisers from accepting alternative forms of identification from homestead exemption applicants.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee